Attorney(s):     JACQUELINE C. HERRITT, ESQUIRE
Address:       89 HADDON AVENUE NORTH
               HADDONFIELD, NJ 08033
Telephone No.:  856-429-8334
Attorney(s) for Plaintiff(s):

| | |
|---|---|
| **James & Stacey Dean**<br><br>vs.<br><br>**Boat-N-RV Warehouse, et al** | SUPERIOR COURT OF NEW JERSEY<br>DIVISION<br>ESSEX COUNTY<br><br>DOCKET NO. L-7354-03<br>CIVIL ACTION<br><br>**Summons** |

Plaintiff(s)

Defendant(s)

From the State of New Jersey
To the Defendant(s) named above:

       The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in  the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (The address of each deputy clerk of the Superior Court is provided.)  If the complaint is one in foreclosure,    then you must file your written answer or motion and proof of service with the Clerk of the Superior Court,    Hughes Justice Complex, CN-971, Trenton, NJ  08625.  A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

       If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

       If you cannot afford an attorney, you may call the Legal Services office in the county where you live.  A list of these office is provided.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A list of these numbers is also provided.

Dated:  December 19, 2003                     _____
                                        Donald Phelan
                                     Superior Court Clerk

Name of Defendant to be Served: Boat-N-RV Warehouse
Address of the Defendant to be Served: 12834 Rte. 9W, West Coxsackie, NY 12192
**\* $135.00 FOR CHANCERY DIVISION CASES OR $135.00 FOR LAW DIVISION CASES**

KIMMEL & SILVERMAN
By:  Jacqueline C. Herritt, Esquire
     Vivian B. Peikin, Esquire
89 Haddon Avenue North
Haddonfield, New Jersey 08033
(609) 429-8334                        Attorneys for Plaintiff

| | |
|---|---|
| JAMES AND STACEY DEAN<br>99 Liberty Street<br>Bloomfield, NJ 07003 | SUPERIOR COURT OF NEW JERSEY<br>ESSEX COUNTY - LAW DIVISION |
| v. | CIVIL ACTION |
| WORKHORSE CUSTOM CHASSIS<br>600 Central Avenue, Suite 220<br>Highland Park, IL  60035 | NO: L-7354-03 |
| and | |
| R-VISION<br>2666 S. Country Club Road<br>Warsaw, IN 46580 | |
| and | |
| BOAT-N-RV WAREHOUSE<br>12834 Rte. 9W<br>West Coxsackie, NY | |

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
ESSEX VICINAGE

DEC 1 9 2003

FINANCE DIVISION
RECEIVED/FILED

## AMENDED COMPLAINT

    1.    Plaintiffs, James and Stacey Dean, are adult individual citizens and legal residents of the State of New Jersey, residing at 99 Liberty Street, Bloomfield, New Jersey  07003.

    2.    Defendant, Workhorse Custom Chassis, is a business corporation qualified to do business in the State of New Jersey, with its legal residence and principal place of business located at 600 Central Avenue, Suite 220, Highland Park, Illionois 60035,   and can be served at same.

3.   Defendant, R-Vision, is a business corporation qualified to do business in the State of New Jersey, with its legal residence and principal place of business located at 2666 S. Country Club Road, Warsaw, IN 46580, and can be served at same.

4.   Defendant, Boat-N-RV Warehouse, is a business corporation qualified to do business in the State of New Jersey, with its legal residence and principal place of business located at 12834 Rte. 9W, West Coxsackie, NY 12192, and can be served at same.

### BACKGROUND

5.   On or about October 14, 2001, Plaintiffs purchased a 2002 Condor Motorhome by R-Vision, manufactured and warranted by Defendant, Workhorse Custom Chassis bearing the Vehicle Identification Number 5B4LP57G113333502.   The vehicle was purchased in the State of New York and is registered in the State of New Jersey.

6.   The price of the vehicle, including registration charges, document fees, sales tax, finance and bank charges but, excluding other collateral charges not specified, totaled more than $119,112.00.   A true and correct copy of the Sale Contract is attached hereto, made a part hereof and marked Exhibit "A".

7.   Plaintiff avers that as a result of the ineffective repair attempts made by Defendant through its authorized dealer(s), the vehicle cannot be utilized for the purposes

intended by Plaintiff at the time of acquisition and as such, the vehicle is worthless.

8.    In consideration for the purchase of the above vehicle, Defendant issued to Plaintiff several written warranties, including the balance of a three (3) year or thirty-six-thousand (36,000) mile bumper-to-bumper warranty, and a 72 month/75,000 mile extended warranty, as well as other standard warranties, as set forth in the warranty booklet.  A true and correct copy of the Extended Service Plan Contract is not in Plaintiffs' possession, however, it is believed that Defendant may obtain from it's authorized dealer.

9.    On or about October 14, 2001, Plaintiff took possession of the above-mentioned vehicle and experienced nonconformities which substantially impair the use, value and/or safety of the vehicle.

10.    The nonconformities violate the express written warranties issued to Plaintiff by Defendant.

11.    Plaintiff avers the vehicle has been subject to repair more than three (3) times for the same nonconformity, and the nonconformity remains uncorrected.

12.    In addition, the above vehicle has or will be out of service by reason of the nonconformities complained of for a cumulative total of twenty (20) days or more.

13.    Plaintiff has delivered the nonconforming vehicle to an authorized service and repair facility of the manufacturer on numerous occasions.  After a reasonable number of attempts, the manufacturer was unable to repair the nonconformities.

14.  During the warranty period, Plaintiff complained about defects and/or non-conformities to the following vehicle components on at least three (3) occasions:  transmission, acceleration, engine management system, windshield wipers and powertrain. True and correct copies of repair invoices are attached hereto, made a part hereof and marked Exhibit "B."

15.  The vehicle continues to exhibit defects and nonconformities which substantially impair its use, value and/or safety.

16.  Plaintiff has been and will continue to be financially damaged due to Defendant's intentional, reckless, wanton and negligent failure to comply with the provisions of its warranty.

17.  Plaintiff has provided Defendant with a final repair opportunity prior to filing the within Complaint.

18.  Plaintiff seeks relief for losses due to the nonconformities and defects in the above-mentioned vehicle in addition to reasonable attorney fees and all court costs.


### COUNT I AGAINST ALL DEFENDANTS
### MAGNUSON-MOSS FEDERAL TRADE COMMISSION IMPROVEMENT ACT


17.  Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

18.  Plaintiff is a "Consumer" as defined by 15 U.S.C. §2301(3).

19. Defendant is a "Warrantor" as defined by 15 U.S.C. §2301(5).

20. The purpose for which this product is normally used is personal, family and household use.

21. By the terms of the express written warranties referred to in this Complaint, Defendant agreed to perform effective warranty repairs at no charge for parts and/or labor.

22. Defendant has made attempts on several occasions to comply with the terms of its express warranties; however, such repair attempts have been ineffective.

23. As a direct and proximate result of Defendant's failure to comply with the express written warranties, Plaintiff has suffered damages and, in accordance with 15 U.S.C. §2310(d)(1), Plaintiff is entitled to bring suit for such damages and other legal and equitable relief.

24. Section 15 U.S.C. § 2310(d)(1) provides:
If a consumer finally prevails on an action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the amount of aggregate amount of costs and expenses (including attorney fees based upon actual time expended), determined by the court to have been reasonably incurred by the Plaintiff for, or in connection with the commencement and prosecution of such action, unless the court, in its discretion shall determine that such an award of attorney's fees would be inappropriate.

25. Plaintiff avers Defendant's Dispute Resolution Program is not in compliance with 16 CFR 703 by the FTC for the period of time this claim was submitted.

26.   Plaintiff avers that upon successfully prevailing upon the Magnuson-Moss claim herein, all attorney fees are recoverable and are demanded against Defendant.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant in an amount equal to the contract price of the subject vehicle, plus all collateral charges and attorney fees.

**COUNT II AGAINST ALL DEFENFANTS**
**UNIFORM COMMERCIAL CODE**

27.   Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

28.   The defects and nonconformities existing within the vehicle constitute a breach of contractual and statutory obligations of Defendant, including but not limited to the following:

a.   Express Warranty;

b.   Implied Warranty Of Merchantability; and

c.   Implied Warranty Of Fitness For A Particular Purpose.

29.   At the time of obtaining possession of the vehicle and at all times subsequent thereto, Plaintiff has justifiably relied upon Defendant's express warranties and implied warranties of fitness for a particular purpose and implied warranties of merchantability.

30.  At the time of obtaining possession of the vehicle and at all times subsequent thereto, Defendant was aware Plaintiff was relying upon Defendant's express and implied warranties, obligations, and representations with regard to the subject vehicle.

31.  Plaintiff has incurred damages as a direct and proximate result of the breach and failure of Defendant to honor its express and implied warranties.

32.  Such damages include, but are not limited to, the contract price of the vehicle plus all collateral charges, including attorney fees and costs, as well as other expenses, the full extent of which are not yet known.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant, in an amount equal to the contract price of the subject vehicle, plus all collateral charges and attorney fees.


## COUNT III AGAINST ALL DEFENDANTS
## NEW JERSEY CONSUMER FRAUD ACT


33.  Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

34.  Plaintiff is a "Person" as defined by N.J.S.A. 56:8-1(d).

35.  Defendant is a "Person" as defined by N.J.S.A. 56:8-1(d).

36. Defendant's actions surrounding the sale and servicing of the subject vehicle were unconscionable. Defendant's agents also acted with a reckless and callous disregard for Plaintiff's rights in negotiating and handling Plaintiff's warranty claims.

37. Defendant's actions surrounding the sale and servicing of said vehicle constitute a unconscionable commercial practice, deception, fraud, false pretense, false promise, and/or misrepresentation. Defendant and its agents acted affirmatively in such a manner as to be an unlawful commercial practice.

38. Defendant acted knowingly with the intent to cause plaintiff's reliance thereupon.

39. Defendant knowingly concealed, suppressed, or omitted facts material to the transactions at issue, in that Defendant was aware the defect(s)/condition(s) could not be repaired, and that the ineffectual repairs were performed by incompetent or unqualified individuals. Defendant's failure to verify the defect(s) or condition(s) constitutes a refusal to perform the repairs under its statutory or contractual obligations.

40. Plaintiff believes, and therefore, avers that the defect(s) or condition(s) outlined previously is/are an inherent design defect and that as such the Defendant must certify the existence of this defect or condition to the Division of Consumer Affairs. Defendant has failed to file this certification and this failure is a violation of the New Jersey Consumer Fraud Act N.J.S.A. 56:8-1 et seq.

41. Defendant's failure to supply an itemized legible statement of repair is an unlawful practice pursuant to the New Jersey Consumer Fraud Act N.J.S.A. 56:8-2.

42. The Act prohibits the aforementioned action of Defendant in the sale and attempted repair of the subject vehicle.

43. Plaintiff believes, and therefore, avers the reckless, wanton and willful failure of Defendant to comply with the terms of the written warranties constitutes an unfair method of competition.

44. As a result of Defendant's unlawful conduct, Plaintiff has and will continue to suffer ascertainable financial loss proximately caused by the Defendant's conduct. Said losses are outlined as follows:

 a. Plaintiff is entitled to a full refund N.J.S.A. 56:8-2.11-12;

 b. Plaintiff's vehicle given the defect/condition is worthless;

 c. Plaintiff lost time from work and other money as a result of having to take the vehicle in for the repeated repair attempts;

 d. Plaintiff has been relegated to finding alternative means of transportation while the vehicle was in for repairs and while the vehicle has been in its present condition. As a result, Plaintiff has incurred additional transportation costs; and

 e. Plaintiff has expended sums to maintain, store, insure, register,

and other expenses for
transportation.

WHEREFORE, Plaintiff respectfully demands judgment against

Defendant for compensatory damages, treble damages, attorney

fees, costs of suit, and any further relief as the Court may deem

just and proper.

### COUNT IV AGAINST R-VISION AND BOAT-N-RV WAREHOUSE
### NJ MOTOR VEHICLE WARRANTY ACT

45.   Plaintiff hereby incorporates all facts and allegations

set forth in this Complaint by reference as if fully set forth at

length herein.

46.   Plaintiff is a ''Consumer'' as defined by N.J.S.A.

56:12-30.

47.   Defendant is a ''Manufacturer'' as defined by N.J.S.A.

56:12-30.

48.   Boat-N-RV Warehouse, is and/or was at the time

of sale a ''Dealer or Motor Vehicle Dealer'' in the business of

buying, selling, and/or exchanging vehicles as defined by

N.J.S.A. 56:12-30.

49.   On or about October 14, 2001, Plaintiff took

possession of the above mentioned vehicle and experienced

nonconformities as defined by N.J.S.A. 56:12-29 et seq., which

substantially impair the use, value and/or safety of the vehicle.

50.   Defendant through its authorized dealer failed to

provide written notification that the vehicle was covered by the

New Jersey Motor Vehicle Warranty Act as provided in N.J.S.A.

56:12-34(c).   Plaintiff believes and therefore avers said failure is a per se violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq., as well as a violation of the New Jersey Motor Vehicle Warranty Act.

51.   The nonconformities described violate the express written warranties issued to Plaintiff by Defendant.

52.   Section 56:12-32 of the New Jersey Motor Vehicle Warranty Act provides:

a. If, during the period specified in section 3 of this act, the manufacturer or its dealer is unable to repair or correct a nonconformity within a reasonable time, the manufacturer shall accept return of the motor vehicle from the consumer.  The manufacturer shall provide the consumer with a full refund of the purchase price of the original motor vehicle including any stated credit or allowance for the consumer's used motor vehicle, the cost of any options or other modifications arranged, installed, or made by the manufacturer or its dealer within 30 days after the date or original delivery, and any other charges or fees including, but not limited to, sales tax, license and registration fees, finance charges, reimbursement for towing and reimbursement for actual expenses incurred by the consumer for the rental of a motor vehicle equivalent to the consumer's motor vehicle and limited to the period during which the consumer's motor vehicle was out of service due to a nonconformity, less a reasonable allowance for vehicle use.

53.   Section 56:12-33 of the New Jersey Motor Vehicle Warranty Act provides a presumption of a reasonable number of repair attempts:

a. It is presumed that a manufacturer or its dealer is unable to repair or correct a nonconformity within a reasonable time if, within the first 18,000 miles of operation or during the period of two years following the date of original delivery of the motor vehicle to a consumer, whichever is the earlier date:

(1)     Substantially the same nonconformity has been subject to repair three or more times by the manufacturer or its dealer and the nonconformity continues to exist; or

(2)     The motor vehicle is out of service by reason of repair for one or more nonconformities for a cumulative total of 20 or more calendar days since the original delivery of the motor vehicle and a nonconformity continues to exist.

b. The presumption contained in sub-section a. of this section shall apply against a manufacturer only if the manufacturer has received

written notification, by or on behalf of the consumer, by certified mail return receipt requested, of a potential claim pursuant to the provisions of this act and has had one opportunity to repair or correct the defect or condition within 10 calendar days following receipt of the notification. Notification by the consumer shall take place any time after the motor vehicle has had substantially the same nonconformity subject to repair two or more times or has been out of service by reason of repair for a cumulative total of 20 or more calendar days.

54. Plaintiff has satisfied the above definition as the vehicle has been subject to repair more than three (3) times for the same nonconformity, and the nonconformity remained uncorrected.

55. In addition, the above vehicle has or will be out of service by reason of the nonconformities complained of for a cumulative total of twenty (20) or more calendar days.

56. Plaintiff has delivered the nonconforming vehicle to an authorized service and repair facility of the Defendant on numerous occasions as outlined below.

57. After a reasonable number of attempts, Defendant was unable to repair the nonconformities.

58. During the warranty period, Plaintiff complained about defects and/or non-conformities to the following vehicle components on at least three (3) occasions: transmission, acceleration, engine management system, windshield wipers and powertrain. True and correct copies of repair invoices are attached hereto, made a part hereof and marked Exhibit "B.

59. The vehicle continues to exhibit defects and nonconformities which substantially impair its use, value and/or safety.

60.   Plaintiff has been and will continue to be financially damaged due to Defendant's intentional, reckless, wanton, and negligent failure to comply with the provisions of N.J.S.A. 56:12-29 et seq.

61.   Plaintiff has provided Defendant with a final repair opportunity prior to filing the within Complaint.

62.   Pursuant to N.J.S.A. 56:12-29 et seq, Plaintiff seeks relief for losses due to the nonconformities and defects in the above-mentioned vehicle in addition to reasonable attorney fees and all court costs.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant in an amount equal to the price of the subject vehicle, plus all collateral charges, attorneys' fees, and court costs.


**KIMMEL & SILVERMAN**

By: _____

Jacqueline C. Herritt, Esquire
Vivian B. Peikin, Esquire
Attorneys for Plaintiff
89 Haddon Avenue North
(856) 429-8334

## JURY-DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

KIMMEL & SILVERMAN

By: _____
Jacqueline C. Herritt, Esquire
Vivian B. Peikin, Esquire
Attorneys for Plaintiff

## CERTIFICATION PURSUANT TO R.4:15-1

Upon knowledge and belief I hereby certify that there are no other actions or arbitrations related to this suit pending or presently contemplated.

KIMMEL & SILVERMAN

By: _____
Jacqueline C. Herritt, Esquire
Vivian B. Peikin, Esquire
Attorneys for Plaintiff

## CERTIFICATION OF NOTICE

Pursuant to N.J.S.A. 56:8-20 Plaintiff is mailing a copy of this Complaint to the Office of the Attorney General, Richard J. Hughes Justice Complex, 25 West Market Street in the City of Trenton, County of Mercer, in the State of New Jersey on , 2003.

KIMMEL & SILVERMAN

By: _____
JACQUELINE C. HERRITT, ESQUIRE
VIVIAN B. PEIKIN, ESQUIRE
Attorneys for Plaintiff

SIMPLE INTEREST
Dated 10/14/2001                     Amount $

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your downpayment of $ 3,600.00 |
|---|---|---|---|---|
| 8.99 % | $ 57,176.52 | $ 62,936.48 | 116,112.00 | $ 119,712.00 |

Your Payment Schedule will be:

| No. of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 240 | 483.80 | Monthly, beginning 11/19/2001 |

Security: You are giving a security interest in the Vehicle being purchased.
Late Charge: If a payment is more than 10 days late, you will be charged 15% of the late payment amount.
Prepayment: If you pay off early you will not have to pay a penalty.

Filing Fees $ __N/A__
See below and any other contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

This Contract is between Seller and Buyer.
All disclosures have been made by Seller.
Seller intends to assign this Contract to the Assignee.

In this Contract _____ are _____

SELLER BOAT-N-RV WAREHOUSE 18404 ST. RT 9W COXSACKIE NY 12192

| Name | Address | | ZIP Code |

You are
BUYER(S) JAMES DEAN STACEY DEAN
99 LIBERTY STREET BLOOMFIELD NJ 07005

| Name(s) | Address | | ZIP Code |

If there is more than one Buyer, each promise separately and together to carry out the terms of this and/or the entire agreement in this Contract.

VEHICLE: You have agreed to purchase, under the terms of this Contract, the following motor vehicle and its extra equipment, which is called the "Vehicle" in this Contract.

| N/U/D | Year and Make | Model | Body Style | No. Cyl. | Truck Ton Capacity | Vehicle Identification No. |
|---|---|---|---|---|---|---|
| N | 2002 CONDOR | 1530 | B | 4408 | | 5B4LF57G113335202 |

TRADE-IN:
To have a trade in
the following vehicle:

Cash Price, Downpayment and Trade-In
Cash Price
(including any accessories, services and taxes)
$ 64,582.48
Cash Downpayment
$ 3,600.00
Value of Trade-In
$ N/A
Less Payoff
$ N/A
Net Payoff
$ N/A

Itemization of Amount Financed
Unpaid Cash Price Balance
$ 60,982.48
Amounts Paid to Others on Your Behalf
To License, Title and Registration
$ 29.00
To Credit Insurance Company **
$ N/A
To VSI Insurance Company **
$ 35.00
To Property Insurance Company
N/A
STAR INTERSTATE
$ 1,888.00
$ N/A
To _____
To _____
To _____
To Seller for GAP Coverage
N/A

PLAINTIFF'S EXHIBIT
A

**M&T CREDIT CORPORATION**
Installment Loan Operations
One Fountain Plaza, P.O. Box 767
Buffalo, New York 14240

10/14/200

**SIGNER:** Any person signing the Co-Signer's Agreement below promises to pay and is bound by all the Co-Signer's Agreement and to comply with all the terms and conditions and to perform all agreements in this Contract to Sign.

**OWNER:** Any person joining the deal whose security Agreement gives us a security interest in the vehicle is named separately and together with the Co-Owner(s) and Buyer(s), perform all agreements in the Security Agreement and all other parts of this Contract.

**M&T:** The terms shown in the boxes above are part of this Contract.

**NOTICE TO THE BUYER:** 1. Do not sign this Contract before you read it or if it contains any blank space. 2. You are entitled to an exact copy of this Contract. 3. Under the law, you have the right to pay off in advance the full amount due and if you do so you may, depending on the nature of the credit service charge, either (a) prepay without penalty, or (b) for some circumstances obtain a rebate of the credit service charge. 4. According to law you have the privilege of purchasing the insurance on the motor vehicle provided for in this Contract from an agent or broker of your own selection.

By signing below, we agree to sell the Vehicle to you under the terms of this Contract.

You hereby acknowledge receipt of a copy of this Contract.

**RETAIL INSTALLMENT CONTRACT**

| BUYER X | (SEAL) | Date 10/14/01 |
| BUYER X  Stacy Dean | (SEAL) | Date 10/14/01 |

**CO-SIGNER NOTICE**

Case 1:07-cv-00503-WJM-BJH Document 11 Filed 02/11/08 Page 19 of 49 PageID #73

**CO-SIGNER** ...

**CO-OWNER** ...

**TERMS:** The terms shown in the boxes above are part of this Contract.                    10/24/200

**PROMISE TO PAY.** ...

**SECURITY AGREEMENT** ...

**NOTICE TO THE BUYER:** 1. Do not sign this Contract before you read it or if it contains any blank space. 2. You are entitled to a completely filled-in copy of this Contract. 3. Under the law, you have the right to pay off in advance the full amount due. If you do so, you may, depending on the nature of the credit service charge, either (a) prepay without penalty, or (b) under some circumstances obtain a rebate of the credit service charge. 4. According to law you have the privilege of purchasing the insurance on the motor vehicle provided for in this Contract from an agent or broker of your own selection.

By signing below, you agree to the Vehicle's purchase on the terms of this Contract.

You have received a copy of this Contract.

SELLER X _Gas Tech Automotive_                          BUYER X _____  (SEAL)  10/14/01 Date

X _____ (SEAL) Date                           BUYER X _Stacy Dean_  (SEAL)  10/14/01 Date

## CO-SIGNER NOTICE

You are being asked to pay the debt of another. ...

You have been given a completed copy of this Notice and each writing that obligates you or the Buyer on this Contract.

Signature of Co-Signer _____

## CO-SIGNER AGREEMENT
...

Co-Signer's Signature _____ (SEAL) Address _____ Date _____

Co-Signer's Signature _____ Address _____ Date _____

## OWNER'S SECURITY AGREEMENT
...

Owners Signature _____ Address _____ Date _____

## ASSIGNMENT

Seller agrees to be bound by all provisions of this Contract. ...

Name of Seller _Gas Tech Automotive_                  Signature and Title of Person signing for Seller

CONSUMER FORM RYB43560-1 (Rev. 4/01)

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.
ORIGINAL - WHITE • BUYER'S COPY - GREEN • CO-SIGNER'S COPY - CANARY • SELLER'S COPY - PINK
©2001 BANCONSUMER SERVICE, INC.

Interest Rate _____ %
(For Internal Use Only)

| BUYER JAMES DEAN STACEY DEAN | | SALESPERSON Jim Warden | | DATE 10/14/20 |
|---|---|---|---|---|
| STREET 99 LIBERTY STREET | | HOME ((979) 748-2966 | BUSINESS ( ) | |
| CITY BLOOMFIELD | STATE NJ   CTY NONE | ZIP 07003 | STOCK # RV517 | |

### THE TRANSACTION

I ORDER AND AGREE TO PURCHASE FROM YOU, ON THE TERMS CONTAINED ON BOTH SIDES OF THIS AGREEMENT, THE VEHICLE
(READ OTHER SIDE)

### THE VEHICLE

| 2002 | ☒ NEW   ☐ USED   ☐ DEMONSTRATOR | MAKE CONDOR | MODEL 1330 | SERIES |
|---|---|---|---|---|
| TYPE DESERT | TRIM | N00092 | V.I.N. 5 B 4 L P 5 7 G 1 1 3 3 3 5 0 2 | |

**CANCELLATION STATEMENT**
IF THIS CONTRACT IS CANCELLED BY ME WITHOUT YOUR CONSENT, I UNDERSTAND AND I SHALL BE LIABLE TO YOU FOR LIQUIDATED DAMAGES IN THE AMOUNT OF $500.00, IN ACCORDANCE WITH PARAGRAPH THREE (3) (reverse side) OR ANY ADDITIONAL DAMAGES THAT YOU MAY INCUR THEREFROM.

**USED VEHICLE DISCLOSURE STATEMENT – THE INFORMATION BUYER SEES IN THE F.T.C. WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

PRIOR USE CERTIFICATION (required by Vehicle and Traffic Law 417-A If principal prior use of the vehicle were as a police vehicle, taxicab, driver education vehicle or rental vehicle). The principal prior use of the vehicle was as: a police vehicle _____, a taxicab _____, a driver education vehicle _____, or a rental vehicle _____

USED VEHICLE CERTIFICATION  If this motor vehicle is classified as a used motor vehicle, the dealer named above certifies that the entire vehicle is in condition and repair to render, under normal use, satisfactory and adequate service upon the public highways at the time of delivery.

### THE PRICE

| | | | VEHICLE PRICE | (+) $60,908.00 |
|---|---|---|---|---|
| | | | FREIGHT (+) | N/A |
| KITCHEN SLIDE | | 0 | PREP (+) | N/A |
| 3 BURNER RANGE/OVEN | | 0 | OPTIONS | N/A |
| OAK REFER FRONT | | 0 | 1 | $1,895.00 |
| COFFEE MAKER | | 0 | | |
| DBL DOOR REFER | | 0 | | |
| PERGO FLOOR | | 0 | | |
| CD STEREO | | 0 | | |
| 13" COLOR TV BEDROOM | | 0 | | |
| VIDEO PACKAGE | | 0 | | |
| OPTION TOTAL | $0.00 | | TOTAL | $62,803.00 |

### THE TRADE-IN

| DESCRIPTION OF TRADE-IN | | | | LESS TRADE-IN CREDIT (−) | $0.00 |
|---|---|---|---|---|---|
| YEAR | MILEAGE | MAKE | MODEL | COLOR | |
| PLATE NO | EXP. DATE | V.I.N. | | DISCOUNT (−) | 0.00 |
| TRADE-IN IS CLEAR OF ALL LIENS EXCEPT: | | | AMT. OWED $ 0.00 | CASH PRICE $ | $ 62,803.00 |

YOU AGREE TO ASSIST ME IN OBTAINING FINANCING FOR ANY PART OF THE PURCHASE PRICE, THIS ORDER SHALL NOT BE BINDING UPON YOU OR ME UNTIL ALL OF THE CREDIT TERMS ARE PRESENTED TO ME IN ACCORDANCE WITH REGULATION "Z" (TRUTH-IN-LENDING) AND ARE ACCEPTED BY ME, IF I DO NOT ACCEPT THE TERMS WHEN PRESENTED, I MAY CANCEL THIS ORDER AND MY DEPOSIT WILL BE REFUNDED.

**SPECIAL NOTICE TO CONSUMER**
UNDER THE LAW OF THE STATE OF NEW YORK CONTROLLING THE SALE OF USED MOTOR VEHICLES, YOU SHOULD BE ENTITLED TO A REFUND IN CONNECTION WITH THIS TRANSACTION, THE VALUE OF ANY VEHICLE YOU MAY HAVE TRADED-IN (IF THE SELLER CHOOSES NOT TO RETURN IT TO YOU) SHALL NOT BE THE VALUE LISTED IN THIS DOCUMENT, INSTEAD, THE VALUE WILL BE DETERMINED BASED ON THE NATIONAL AUTO DEALERS ASSOCIATION USED CAR GUIDE WHOLESALE VALUE OR OTHER GUIDE APPROVED BY THE COMMISSIONER OF MOTOR VEHICLES, AND ADJUSTED FOR MILEAGE, IMPROVEMENTS AND ANY MAJOR PHYSICAL OR MECHANICAL DEFECTS.

The dealer application processing fee is not a New York State or Department of Motor Vehicles fee. If a lien is being recorded or the dealer issued number plates, you may avoid this fee by submitting an application for registration and/or certificate of title to any motor vehicle issuing office.

I have read the terms on the back of this agreement and have received a completed copy of this agreement.

| | SALES TAX 5 (+) | | $3,654.45 |
|---|---|---|---|
| | DOC FEE (+) | 20 00 | 20 00 |
| | REGISTRATION FEE (EST) (+) | | $24.00 |
| | INSPECTION FEE (+) | | N/A |
| | TOTAL CASH PRICE (=) | | $66,501.45 |
| | REBATE IF APPLICABLE (−) $ CACK 16004 | $ | 0.00 |
| | LESS CASH DEPOSIT SUBMITTED WITH ORDER (−) | | $1,000.00 |
| | PLUS BALANCE OWING ON TRADE-IN (+) | | $0.00 |
| | AMOUNT FINANCED $ | $ | 62,881.45 |
| | CASH ON DELIVERY | | $2,600.00 |

THE AMOUNT INDICATED ON THIS SALES CONTRACT OR LEASE AGREEMENT FOR REGISTRATION AND TITLE FEES IS AN ESTIMATE. IN SOME INSTANCES, IT MAY EXCEED THE ACTUAL FEES DUE THE COMMISSIONER OR MOTOR VEHICLES. THE DEALER WILL AUTOMATICALLY, AND WITHIN SIXTY DAYS OF SECURING SUCH REGISTRATION AND TITLE, REFUND ANY AMOUNT OVERPAID FOR SUCH FEES.

BUYER'S SIGNATURE X _____   DATE: 10/14/01
BUYER'S SIGNATURE X Stacy Dean   DATE: 10/14/01
APPROVED BY: _____   DATE:

# REEDER CHEVROLET

CHEVROLET



4301 Clinton Hwy Box 12450
**KNOXVILLE, TN 37912**
(865) 687-7710

*Mr. Goodwrench*

THE LITTLE CHEEPER DEALER

**DISCLAIMER OF WARRANTIES**
he factory warranty constitutes all of the warranties with respect to the sale of this em/items. The seller hereby expressly disclaims all warranties, either express or plied, including any implied warranty of merchantability or fitness for a particular rpose. Seller neither assumes nor authorizes any other person to assume for it any bility in connection with the sale of this item/items.

I ACKNOWLEDGE RECEIPT OF
THE PARTS AND LABOR
LISTED BELOW.          X

| CUSTOMER NO. 23898 | ADVISOR ALLEN R SURGENOR 184 | CARD NO. AS3 | INVOICE DATE 11/05/01 | INVOICE NO. CVCS209532 |
|---|---|---|---|---|
| JAMES DEAN | LABOR RATE 62.25 | LICENSE NO. | MILEAGE 2488 | COLOR | STOCK NO. |
| ? LIBERTY ST | YEAR / MAKE / MODEL 01/WORKHORSE/ | | DELIVERY DATE | DELIVERY MILES |
| | VEHICLE ID (NO.) 5 _ 4 _ F _ 7 _ 1 _ 3 _ 3 _ 5 _ 2 | SELLING DEALER NO. | PRODUCTION DATE |
| LOOMFIELD, NJ 07003 | F.T.E. NO. | P.O. NO. | P.O. DATE 11/05/01 |
| RESIDENCE PHONE | BUSINESS PHONE 201-259-9874 | DATE OWNER NOTIFIED OF REPAIR COMPLETED | MILEAGE OUT |

JB#  1 CHARGES------------------------------------------------

LABOR--------------------------------------------------
# 1 04CVZ         ***ENG. PERFORMANCE  HOURS:  0.80 TECH(S):299       WARRANTY
         NO POWER AND SES LIGHT ON CK AND ADVISE
         CRANSHAFT SENSOR INOP
         TEST AND REPALCE SENSOR AND ROAD TEST VEHICLE

PARTS------QTY---FP-NUMBER----------------DESCRIPTION---------------UNIT PRICE-
         1    12556427         SENSOR 2.383 C                       WARRANTY
                                            TOTAL - PARTS              0.00

SUBLET-----PO#--------VEND INV#--INV.DATE-DESCRIPTION-------------
         16436    209532   11/05/01 WRECKER HAUL                    WARRANTY
                                            TOTAL - SUBLET            0.00

JB#  1 TOTALS----------------------------------------------

JOB#  1 JOURNAL PREFIX  CVCS  JOB# 1 TOTAL       0.00

JB#  2 CHARGES-----------------------------------------------

LABOR---------------------------------------------------
# 2 12CVZ         ***BRAKES          HOURS:  0.60 TECH(S):299       WARRANTY
         HYDROBOOST LEAKING CK AND ADVISE
         LOOSE FITTING AND BRAKE MISADJUSTED
         TIGHTEN FITTING AND ADJUST AUTO APPLY BRAKE

JB#  2 TOTALS----------------------------------------------

JOB#  2 JOURNAL PREFIX  CVCS  JOB# 2 TOTAL       0.00

B#  3 CHARGES------------------------------------------------

LABOR---------------------------------------------------
# 3+18CVZ         ***ACCESSORIES      HOURS:  0.50 TECH(S):299      WARRANTY
         INSTALL DRIVEHSAFT FROM WRECKER HAUL
         LEFT OUT FROM WRECKER HAUL
         INSTALL REAR SECTION OF THREE PIECE DRIVEHSAFT

B#  3 TOTALS----------------------------------------------

**PLAINTIFF'S
EXHIBIT**
B

JOB#  3 JOURNAL PREFIX  CVCS  JOB# 3 TOTAL       0.00



# REEDER
# CHEVROLET

CHEVROLET

Mr. Goodwrench

4301 Clinton Hwy Box 12450
**KNOXVILLE, TN 37912**
(865) 687-7710

THE LITTLE CHEEPER DEALER

**DISCLAIMER OF WARRANTIES**
The factory warranty constitutes all of the warranties with respect to the sale of this item/items. The seller hereby expressly disclaims all warranties, either express or implied, including any implied warranty of merchantability or fitness for a particular purpose. Seller neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of this item/items.

I ACKNOWLEDGE RECEIPT OF
THE PARTS AND LABOR
LISTED BELOW.     X

| CUSTOMER NO. 123988 | ADVISOR ALLEN R SURGENOR   184 | CARD NO. AS3 | INVOICE DATE 11/05/01 | INVOICE NO. CVCS209532 |
|---|---|---|---|---|
| JAMES DEAN | LABOR RATE 62.25 | LICENSE NO. | MILEAGE 2488 | COLOR | STOCK NO. |
| 99 LIBERTY ST | YEAR / MAKE / MODEL 01/WORKHORSE/ | | | DELIVERY DATE | DELIVERY MILES |
| | VEHICLE ID. NO. 5 4 P 7 1 3 3 5 2 | | | SELLING DEALER NO. | PRODUCTION DATE |
| BLOOMFIELD, NJ 07003 | F.T.E. NO. | | P.O. NO. | R.O. DATE 11/05/01 | |
| RESIDENCE PHONE | BUSINESS PHONE 201-259-9874 | DATE OWNER NOTIFIED OF REPAIR COMPLETED | | MILEAGE OUT | |

```
TOTALS--------------------------------------------------------
YOU MAY RECEIVE A CUSTOMER SATISFACTION SURVEY FROM GENERAL
MOTORS IN THE NEXT FEW WEEKS.  IF FOR ANY REASON YOU CANNOT
GRADE US "COMPLETELY SATISFIED" PLEASE CONTACT YOUR SERVICE
ADVISOR IMMEDIATELY

     SERVICE HOURS   7 A.M. TIL 6.00 P.M.

               MONDAY THRU FRIDAY
```

|  |  |
|---|---|
| TOTAL LABOR.... | 0.00 |
| TOTAL PARTS.... | 0.00 |
| TOTAL SUBLET... | 0.00 |
| TOTAL G.O.G.... | 0.00 |
| TOTAL MISC CHG. | 0.00 |
| TOTAL MISC DISC | 0.00 |
| TOTAL TAX...... | 0.00 |
| TOTAL INVOICE $ | 0.00 |

```
**********************************************************
CASH [  ]        CHECK#.........    AM EXPRESS [   ]

DISCOVER [  ]    VISA [   ]     MASTERCARD [   ]

OTHER [  ]       CHARGE  [   ]

-----------------------------------------------
     CUSTOMER SIGNATURE
```

JERSEY BUS SALES
2015 RT 206 N
BORDENTOWN  NJ  08505
Phone       (609) 298-2987
Fax #       (609) 291-1287
Scheduling  (887) 548-2312

THANK YOU FOR DOING BUSINESS
WITH JERSEY BUS SALES INC. !!

INVOICE

Invoice #   3599

Invoice Date:  03/28/2002          Terms:

Page    1

WORKHORSE CUSTOM CHASSIS          JAMES DEAN
29508 SOUTHFIELD ROAD
SOUTHFIELD MI  48076
(248) 443-1515 Ext.

| W.O. Miles | Vehicle Unit # | Make VIN | Model | Date APPROVAL | Order |
|---|---|---|---|---|---|
| 3599 457 | MH01313 MPV1330 | WORKHORSE CC 5B4LP57G113333502 | MOTORHOME | | 3RVMET0032001313 |

Labor Performed     Description
HWAR                CHASSIS-WAR-OTHER

Hours     Total
7.80      507.00

| Qty | Part Number | Description | Unit Price | Total |
|---|---|---|---|---|
| 1.00 | 15713330 | SHAFT DRIVE ASSY | 223.86 | 223.86 |
| 1.00 | 25311785 | ELECTRONIC THROTTLE ACTU | 353.46 | 353.46 |

| Parts: | 577.32 | Freight: | .00 | Tax: | .00 | AR | 1084.32 |
|---|---|---|---|---|---|---|---|
| Labor: | 507.00 | Misc: | .00 | Total: | 1084.32- | | |
| Slt: | .00 | Supplies: | .00 | Change: | .00 | | |

Signed_____          Date_____


**QUIRK**

PO BOX 1386 (293 HOGAN RD)
BANGOR MAINE 04402-1386
PLEASE CALL 207-945-9401 PRESS 3 FOR SERVICE
TOLL FREE 1-800-542-4389
PLEASE VISIT OUR WEB SITE AT WWW.QUIRKAUTO.COM

| OMER NO. 83839 | ADVISOR JEFFERSON A RANKIN 98 | TAG NO. 3502 | INVOICE DATE 08/29/02 | INVOICE NO. CVCS454861 |
|---|---|---|---|---|
| | LABOR RATE 65.00 | LICENSE NO. MBW80D | MILEAGE 16,346 | COLOR WHITE/ | STOCK NO. |

AMES DEANE
9 LIBERTY ST
LOOMFIELD, NJ 07003

YEAR / MAKE / MODEL 01/WORKHORSE/MOTORHOME   DELIVERY DATE 04/12/01   DELIVERY MILES

VEHICLE I.D. NO. 5 B 4 L P 5 7 G 1 1 3 3 3 3 5 0 2   SELLING DEALER NO. NBH   PRODUCTION DATE

F.T.E. NO.   P.O. NO.   R.O. DATE 08/27/02

ENCE PHONE 73-748-2966   BUSINESS PHONE   COMMENTS   MO: 16346

I agree that a late charge of 1½% per month (A.P.R. 18%) will be added to all delinquent accounts along with any court costs, attorney fees and costs of collection the seller may incur in enforcing the terms of this agreement. If legal action becomes necessary by either seller or buyer, it is also agreed that this or any contemporaneous or subsequent agreement will be governed as to validity, interpretation, construction, effect, and in all other respects by the laws of the State of Maine.

OR & PARTS --
50CTZZHISC2 REDIDUTY MTSC
TOWED IN BY WORKHORSE ROADSIDE C/S WON'T RETURN OVER
FOUND ENGINE WOULD NOT CRANK FOUND NO GROUND TO STARTER
RELAY EVERY OTHER IGNITION CYCLE TESTED CRANK SENSOR
CIRCUIT SEEMS OK FOUND SENSOR RUBBING ON CRANKSHAFT
REPLACED CRANKSHAFT SENSOR & SHIMMED SENSOR TO PREVENT
RUBBING STILL NOT STARTING PROPERLY REPLACED PCM ASSY &
REPROGRAMMED STILL ACTING UP
MADE TEMPORARY REPAIR BY GROUNDING STARTER RELAY TERMINAL
TO A PERMANENT GROUND AT UNDER HOOD FUSE PANEL
STARTS NORMALLY NOW

| S---QTY---FP-NUMBER DESCRIPTION | UNIT PRICE | |
|---|---|---|
| # 1   1   12200419   PCM REM 3.670 | INTERNAL | |
| # 1  -1   12200411   CORE RETURN | INTERNAL | |
| # 1   1   12556427   SENSOR 2.383 | INTERNAL | |
| JOB # 1 TOTAL PARTS | 0.00 | |
| JOB # 1 TOTAL LABOR & PARTS | 0.00 | |

G. & SUPPLIES
# 1   FREIGHT (PARTS)   INTERNAL
TOTAL 3.00G   0.00

LS

*** THANK YOU FOR YOUR BUSINESS!!!!!   TOTAL LABOR   0.00
    MENU   TOTAL PARTS   0.00
 ) CASH   TOTAL SUBLET   0.00
   REMINDER - YOUR NEXT SERVICE IS   TOTAL GOG   0.00
 ) CHECK #   DUE ON THE FOLLOWING DATE OR   TOTAL MISC CHG   0.00
   MILEAGE - WHICHEVER COMES FIRST   TOTAL DISC   0.00
 ) CREDIT CARD   TOTAL TAX   0.00
   DATE  /  /   OR MILES   **TOTAL INVOICE $ 0.00**
 ) A/R #

THE WARRANTY ON GM PARTS IS 12 MONTHS OR 12,000 MILES
IEVER OCCURS FIRST. PARTS AND OTHER SERVICES OTHERWISE
SOLD WRENCHES AUTO GROUPS PARTS AND CONTAINED WITH AN
FRONT OF THIS DESCRIPTION NO WARRANTY ON AFTERMARKET
S. SEE YOUR SERVICE ADVISOR FOR DETAILS.

CUSTOMER SIGNATURE

E 1 OF 1   CUSTOMER COPY   END OF INVOICE 16:51:25

28628                          76196

**INVOICE**

325 Orient Way   P.O. Box 503
LYNDHURST, NEW JERSEY 07071
SERVICE (201) 939-7790

DEAN JAMES
9 LIBERTY ST
BLOOMFIELD NJ 07003
HOME: 973-748-2966 BUS: 908-740-7961

PAGE 1

**MEADOWLANDS FREIGHTLINER**
P.O. Box 503
LYNDHURST, NEW JERSEY 07071
(201) 939-7718

SERVICE ADVISOR:  237 BRIAN

| COLOR | YEAR | MAKE/MODEL | VIN | LICENSE | MILEAGE IN/OUT | TAG |
|---|---|---|---|---|---|---|
| WHITE | 01 | WORKHORSE CP31442 | 5B4LP57G113333502 | MBW80D | 16978/16978 | TDEAN |

| PROD DATE | PROD DATE | WARR EXP | PROMISED | P.O.NO | PAYMENT | PAYMENT | DLV DATE |
|---|---|---|---|---|---|---|---|
| 1JAN2001 | | | 20:48 09OCT02 | | 84.00 | CASH | 31OCT2002 |

OPTIONS:   DLR:06007

RECD/OPENED: 8:32 09OCT02   READY: 11:53 31OCT02

| LINE | OPCODE | TECH | TYPE | HOURS | | LIST | NET | TOTAL |
|---|---|---|---|---|---|---|---|---|
| CRANK DOES NOT START // DRIVE SHAFT TIED UP UNDERNEATH VEHICLE | | | | | | | | |

CAUSE: MELTED

N2320 SWITCH  REPLACE IGNITION

7WGM94  0.50                                      (N/C)

1 26009706 SWITCH                                (N/C)

N6270 WIRING AND/OR CONNECTOR REPAIR ENGINE

7WGM94                                           (N/C)

1 12102602 CONNECTOR                             (N/C)

PC: 15
PART#: 26009706
COUNT: 2
CLAIM TYPE:
AUTH CODE:



PTS:   0.00   LABOR:   0.00  TOTAL LABOR AND PARTS - LINE A       0.00

FOR NO START, NO POWER TO HALF OF FUSE BOX. TRACE WIRES. IGN SWITCH NO
GOOD-PLUG MELTED RPL SWITCH & WIRE CRIMP NEW PLUG INSTALL DRIVE SHAFT

DEAR CUSTOMER

CONCERNING THE NEW... 
WE ARE INTERESTED IN YOU IF...
AND AT THE SAME TIME, THANK YOU...
BUSINESS. PLEASE CONTACT OUR...
PARTMENT IF YOU HAVE ANY PROBL...
(201) 939-7 OR EXT. 50

FRANK'S TRUCK CENTER

We guarantee the labor performed in this repair shop has been competently performed, and that any defect which occurs will be corrected without charge by this repair shop for a period of 90 days or 4,000 miles from the date of the repair, whichever first occurs.

...part(s) is sold "as is". The only warranties applying the this ...(s) are those which may be offered by the manufacturer(s). ... selling dealer hereby expressly disclaims all warranties, either ...ssed or implied, including any implied warranties of ...chantability or fitness for a particular purpose, and neither ...umes nor authorizes any other person to assume for it any ...lity in connection with the sale of this part(s) and /or service, ...r shall not be entitled to recover from the selling dealer any ...sequential damages, damages to property, damages for loss of ...s, loss of time, loss of profits, or income, or any other incidental ...ages. In addition, expressly excluded is any dealer liability for ...cts pertaining to safety or performance by way of "strict ...lity", negligence or otherwise.

**TERMS: STRICTLY CASH UNLESS PRIOR ARRANGEMENTS MADE**

"I hereby authorize the repair work hereinafter set forth to be done along with the necessary materials and agree that you are not responsible for loss or damage to vehicle or articles left in vehicle in case of fire, theft or any other cause beyond our control or for any delays caused by unavailability of parts or delays in parts shipments by the supplier or transporter. I hereby grant you and/or your employees permission to operate the vehicle, herein described on streets, highways, or elsewhere for the purpose of testing and/or inspection. An express mechanic's lien is hereby acknowledged on above vehicle to secure the amount of repairs thereto.

X

CUSTOMER SIGNATURE

| DESCRIPTION | TOTALS |
|---|---|
| LABOR AMOUNT | 0.00 |
| PARTS AMOUNT | 0.00 |
| GAS, OIL, LUBE, ANTIFREEZE | 0.00 |
| SUBLET AMOUNT | 0.00 |
| SHOP SUPPLIES | 0.00 |
| TOTAL CHARGES | 0.00 |
| LESS INSURANCE | 0.00 |
| SALES TAX | 0.00 |
| PLEASE PAY THIS AMOUNT | 0.00 |

**CUSTOMER COPY**

**KIMMEL & SILVERMAN**
Vivian B. Peikin, Esquire
89 Haddon Avenue North
Haddonfield, NJ 08033
(856) 429-8334                                    **Attorney for Plaintiff**

---

| | |
|---|---|
| JAMES AND STACY DEAN, | : SUPERIOR COURT OF NEW JERSEY |
| Plaintiffs, | : ESSEX COUNTY, LAW DIVISION |
| | : |
| v. | : DOCKET NO.: L-7354-03 |
| | : |
| WORKHORSE CUSTOM CHASSIS | : NOTICE OF MOTION FOR LEAVE |
| Defendant | : TO AMEND PLAINTIFF'S COMPLAINT |

---

PLEASE TAKE NOTICE that the undersigned will apply to the above-named Court, at the Essex County Courthouse, on January 23, 2004, or as soon thereafter as counsel may be heard for an Order granting Leave to Amend Plaintiff's Complaint.

PLEASE TAKE FURTHER NOTICE that pursuant to R.1:6-2, the undersigned waives oral argument unless responsive papers are timely filed and the Court is inclined to deny the request.

KIMMEL & SILVERMAN

BY: _____
VIVIAN B. PEIKIN, Esquire
Attorney for Plaintiff

**KIMMEL & SILVERMAN**
**Vivian B. Peikin, Esquire**
**89 Haddon Avenue North**
**Haddonfield, NJ 08033**
**(856) 429-8334**                                    **Attorney for Plaintiff**

---

| | |
|---|---|
| JAMES AND STACY DEAN, | : SUPERIOR COURT OF NEW JERSEY |
| Plaintiffs, | : ESSEX  COUNTY, LAW DIVISION |
| | : |
| v. | : DOCKET NO.:  L-7354-03 |
| | : |
| WORKHORSE CUSTOM CHASSIS | : |
| Defendant | : ORDER |

---

THIS MATTER having been brought before the Court by Vivian B. Peikin, Esquire, attorney for Plaintiffs, in the above-captioned matter, for an Order granting Leave to Amend Plaintiffs' Amended Complaint, and the Court having considered the response of the Attorney for Defendants, and oral argument, if any:

IT IS ON THIS               day of                        , 2003, hereby ORDERED and DECREED that Plaintiffs' Motion is GRANTED and Plaintiffs may amend the Complaint.

_____
                                                        J.S.C.

**KIMMEL & SILVERMAN**
**Vivian B. Peikin, Esquire**
**89 Haddon Avenue North**
**Haddonfield, NJ 08033**
**(856) 429-8334**                                    **Attorney for Plaintiff**

| | |
|---|---|
| JAMES AND STACY DEAN, | : SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | : ESSEX COUNTY, LAW DIVISION |
| | : |
| v. | : DOCKET NO.: L-7354-02 |
| | : |
| WORKHORSE CUSTOM CHASSIS, | : AFFIDAVIT OF COUNSEL IN SUPPORT |
| Defendant. | : OF PLAINTIFF'S NOTICE OF |
| | : CROSS-MOTION FOR LEAVE TO |
| | : AMEND PLAINTIFF'S COMPLAINT |

I, Vivian B. Peikin, being of full age and duly sworn to law, hereby deposes and says:

1.   I am an attorney in the State of New Jersey and an associate in the firm of Kimmel & Silverman. I am fully familiar with the facts of this case.

2.   The within lawsuit involves violations of the New Jersey Motor Vehicle Warranty Act, the Magnuson Moss Warranty Improvement Act, the Uniform Commercial Code and the New Jersey Consumer Fraud Act, all stemming from a 2002 Condor Motorhome by R-Vision, manufactured and warranted by Defendant, Workhorse Custom Chassis.

3.   The vehicle was sold by Boat-N-RV Warehouse, an authorized sales and service dealership located in West Coxsackie, New York.

4.     The Amended Complaint originally did not include Defendant, Workhorse Custom Chassis, in Count IV alleging violations of the New Jersey Motor Vehicle Warranty Act count.

5.     After further discovery, it is believed that Defendant, Workhorse Custom Chassis, violated the New Jersey Motor Vehicle Warranty Act. Additionally, discovery is still outstanding from Defendant, Workhorse Custom Chassis, therefore Defendant, Workhorse, will not suffer undue prejudice as a result of the required amendment. Attached hereto and marked as Exhibit "A" is a copy of Plaintiffs' Amended Complaint.

6.     Plaintiffs, therefore, request that they be permitted leave to amend their Amended Complaint to add Defendant, Workhorse Custom Chassis, into Count IV of the Amended Complaint, alleging violations of the New Jersey Motor Vehicle Warranty Act.

This Affidavit is made in support of the within Motion.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Vivian B. Peikin
An Attorney-At-Law of the
State of New Jersey

Dated: January 5, 2004

**KIMMEL & SILVERMAN**
Vivian B. Peikin, Esquire
89 Haddon Avenue North
Haddonfield, NJ 08033
(856) 429-8334                                    **Attorney for Plaintiff**

---

JAMES AND STACY DEAN,                 : SUPERIOR COURT OF NEW JERSEY
                        Plaintiffs,   : ESSEX COUNTY, LAW DIVISION
                                      :
          v.                          : DOCKET NO.: L-7354-03
                                      :
WORKHORSE CUSTOM CHASSIS              :
                        Defendant     : CERTIFICATE OF SERVICE

---

         I, VIVIAN B. PEIKIN, ESQUIRE, hereby certify that a true and correct

copy of the foregoing PLAINTIFFS' MOTION FOR LEAVE TO AMEND

PLAINTIFFS' COMPLAINT was served on the following parties via First Class

U.S. Mail on the date indicated below:

Workhorse Custom Chassis
600 Central Ave.
Suite 220
Highland Park, IL 07095


                                        KIMMEL & SILVERMAN


                                        VIVIAN B. PEIKIN

Date: January 5, 2004

Cc: John Amari

**KIMMEL & SILVERMAN**
Vivian B. Peikin, Esquire
89 Haddon Avenue North
Haddonfield, NJ 08033
(856) 429-8334                                          **Attorney for Plaintiff**

---

JAMES AND STACY DEAN,                    : SUPERIOR COURT OF NEW JERSEY
                             Plaintiff,   : ESSEX COUNTY, LAW DIVISION
                                          :
            v.                            : DOCKET NO.: L-7354-03
                                          :
WORKHORSE CUSTOM CHASSIS,                 : BRIEF IN SUPPORT OF PLAINTIFF'S
                          Defendant.      : MOTION FOR LEAVE TO FILE
                                          : AMENDED COMPLAINT

---

### I.    FACTS

Plaintiff filed a Complaint against Defendant, Workhorse Custom Chassis, on or about September 5, 2003, asserting the Federal Magnuson Moss Warranty Act (Count I), The Uniform Commercial Code (II) and violations of the New Jersey Consumer Fraud Act (Count III) in connection with Plaintiffs' purchase and subsequent servicing of a 2002 Condor Motor home by R-Vision, manufactured and warranted by Defendant, Workhorse Custom Chassis. The vehicle was sold and serviced by Boat-N-RV Warehouse of West Coxsackie, New York.

After further discovery, it is believed that Boat-N-RV Warehouse and R-Vision acted negligently and made negligent repairs to the vehicle. Furthermore, it is believed that the actions of Boat-N-RV Warehouse and R-Vision constitute violations of the New Jersey Motor Vehicle Warranty Act, the Magnuson-Moss

Warranty Improvement Act, the New Jersey Consumer Fraud Act, as well as a breach of contract. Therefore, on December 19, 2003, Plaintiffs filed an Amended Complaint pursuant to Judge Lombardi's Order of December 5, 2003, granting Plaintiffs' Motion to do the same.

After further discovery, it is believed that Defendant, Workhorse Custom Chassis, also violated the New Jersey Motor Vehicle Warranty Act. Discovery is still outstanding from Defendant Workhorse Custom Chassis, thus Defendant, Workhorse Custom Chassis, will not suffer undue prejudice as a result of the required amendment.

Therefore, Plaintiffs respectfully request leave to amend their Complaint to add as Defendant, Workhorse Custom Chassis, to Count IV of the Amended Complaint alleging violations of the New Jersey Motor Vehicle Warranty Act.

## II.   **LEGAL ARGUMENT**

New Jersey Rule of Civil Procedure 4:9 provides:

**Rule 4:9-1.**          **Amendments**

A party may amend any pleading as a matter of course at any time before a responsive pleading is served, or if the pleading is one to which no responsive pleading is to be served, and the action has not been placed upon the trial calendar, at any time within 20 days after it is served. Thereafter a party may amend a pleading only by written consent of the adverse party or by leave of court, which shall be freely given in the interest of justice.

Thus, while leave to amend is within the discretion of the Court, the Rule requires that leave to amend be "freely given" when justice so requires.   In

Forman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed. 2d 222 (1962), the United States Supreme Court held it was error for the an appellate court to affirm the trial court's denial of the plaintiff's Motion to Vacate Judgment of Dismissal for Failure to State a Claim in order to allow the complaint be amended, since it appeared that the amendment would have done no more than state an alternative theory for recovery.

In the instant case, Plaintiffs seek to amend their Complaint in order to add Defendant, Workhorse Custom Chassis, to Count IV of the Amended Complaint alleging violations of the New Jersey Motor Vehicle Warranty Act. No undue prejudice will result from the allowance of such an amendment. However, great prejudice will result to Plaintiffs if they are not permitted to amend the Complaint, as Plaintiffs will, in effect, be denied possible rights of recovery.

III.    **CONCLUSION**

Plaintiffs' Motion for Leave to File an Amended Complaint should be granted in accordance with New Jersey Rule of Civil Procedure 4:9-1, as such Motions should be freely granted, it has not been brought in bad faith, there has been no undue delay, and Defendant will not suffer undue prejudice as a result of the requested amendment.

For the reasons set forth above, Plaintiffs respectfully requests this Honorable Court enter the proposed Order, granting Plaintiff's Motion for Leave

to File an Amended Complaint to add Defendant, Workhorse Custom Chassis, to

Count IV of the Amended Complaint.

KIMMEL & SILVERMAN

BY: _____

Vivian B. Peikin
Attorney for Plaintiffs

KIMMEL & SILVERMAN
By:  Jacqueline C. Herritt, Esquire
     Vivian B. Peikin, Esquire
89 Haddon Avenue North
Haddonfield, New Jersey 08033
(609) 429-8334                          Attorneys for Plaintiff

---

| | | |
|---|---|---|
| JAMES AND STACEY DEAN | : | SUPERIOR COURT OF NEW JERSEY |
| 99 Liberty Street | : | ESSEX COUNTY - LAW DIVISION |
| Bloomfield, NJ 07003 | : | |
| | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| WORKHORSE CUSTOM CHASSIS | : | |
| 600 Central Avenue, Suite 220 | : | |
| Highland Park, IL  60035 | : | |
| | : | |
| and | : | |
| | : | |
| R-VISION | : | |
| 2666 S. Country Club Road | : | |
| Warsaw, IN 46580 | : | |
| | : | |
| and | : | |
| | : | |
| BOAT-N-RV WAREHOUSE | : | |
| 12834 Rte. 9W | : | |
| West Coxsackie, NY | : | |

## AMENDED COMPLAINT

1.    Plaintiffs, James and Stacey Dean, are adult individual citizens and legal residents of the State of New Jersey, residing at 99 Liberty Street, Bloomfield, New Jersey  07003.

2.    Defendant, Workhorse Custom Chassis, is a business corporation qualified to do business in the State of New Jersey, with its legal residence and principal place of business located at 600 Central Avenue, Suite 220, Highland Park, Illionois 60035,   and can be served at same.

3.    Defendant, R-Vision, is a business corporation qualified to do business in the State of New Jersey, with its legal residence and principal place of business located at 2666 S. Country Club Road, Warsaw, IN 46580, and can be served at same.

4.    Defendant, Boat-N-RV Warehouse, is a business corporation qualified to do business in the State of New Jersey, with its legal residence and principal place of business located at 12834 Rte. 9W, West Coxsackie, NY 12192, and can be served at same.

## BACKGROUND

5.    On or about October 14, 2001, Plaintiffs purchased a 2002 Condor Motorhome by R-Vision, manufactured and warranted by Defendant, Workhorse Custom Chassis bearing the Vehicle Identification Number 5B4LP57G113333502.  The vehicle was purchased in the State of New York and is registered in the State of New Jersey.

6.    The price of the vehicle, including registration charges, document fees, sales tax, finance and bank charges but, excluding other collateral charges not specified, totaled more than $119,112.00.  A true and correct copy of the Sale Contract is attached hereto, made a part hereof and marked Exhibit "A".

7.    Plaintiff avers that as a result of the ineffective repair attempts made by Defendant through its authorized dealer(s), the vehicle cannot be utilized for the purposes

intended by Plaintiff at the time of acquisition and as such, the vehicle is worthless.

8.   In consideration for the purchase of the above vehicle, Defendant issued to Plaintiff several written warranties, including the balance of a three (3) year or thirty-six-thousand (36,000) mile bumper-to-bumper warranty, and a 72 month/75,000 mile extended warranty, as well as other standard warranties, as set forth in the warranty booklet.  A true and correct copy of the Extended Service Plan Contract is not in Plaintiffs' possession, however, it is believed that Defendant may obtain from it's authorized dealer.

9.   On or about October 14, 2001, Plaintiff took possession of the above-mentioned vehicle and experienced nonconformities which substantially impair the use, value and/or safety of the vehicle.

10.  The nonconformities violate the express written warranties issued to Plaintiff by Defendant.

11.  Plaintiff avers the vehicle has been subject to repair more than three (3) times for the same nonconformity, and the nonconformity remains uncorrected.

12.  In addition, the above vehicle has or will be out of service by reason of the nonconformities complained of for a cumulative total of twenty (20) days or more.

13.  Plaintiff has delivered the nonconforming vehicle to an authorized service and repair facility of the manufacturer on numerous occasions.  After a reasonable number of attempts, the manufacturer was unable to repair the nonconformities.

14.   During the warranty period, Plaintiff complained about defects and/or non-conformities to the following vehicle components on at least three (3) occasions:  transmission, acceleration, engine management system, windshield wipers and powertrain. True and correct copies of repair invoices are attached hereto, made a part hereof and marked Exhibit "B."

15.   The vehicle continues to exhibit defects and nonconformities which substantially impair its use, value and/or safety.

16.   Plaintiff has been and will continue to be financially damaged due to Defendant's intentional, reckless, wanton and negligent failure to comply with the provisions of its warranty.

17.   Plaintiff has provided Defendant with a final repair opportunity prior to filing the within Complaint.

18.   Plaintiff seeks relief for losses due to the nonconformities and defects in the above-mentioned vehicle in addition to reasonable attorney fees and all court costs.


### COUNT I AGAINST ALL DEFENDANTS
### MAGNUSON-MOSS FEDERAL TRADE COMMISSION IMPROVEMENT ACT


17.   Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

18.   Plaintiff is a "Consumer" as defined by 15 U.S.C. §2301(3).

19.   Defendant is a "Warrantor" as defined by 15 U.S.C. §2301(5).

20.   The purpose for which this product is normally used is personal, family and household use.

21.   By the terms of the express written warranties referred to in this Complaint, Defendant agreed to perform effective warranty repairs at no charge for parts and/or labor.

22.   Defendant has made attempts on several occasions to comply with the terms of its express warranties; however, such repair attempts have been ineffective.

23.   As a direct and proximate result of Defendant's failure to comply with the express written warranties, Plaintiff has suffered damages and, in accordance with 15 U.S.C. §2310(d)(1), Plaintiff is entitled to bring suit for such damages and other legal and equitable relief.

24.   Section 15 U.S.C. § 2310(d)(1) provides:
If a consumer finally prevails on an action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the amount of aggregate amount of costs and expenses (including attorney fees based upon actual time expended), determined by the court to have been reasonably incurred by the Plaintiff for, or in connection with the commencement and prosecution of such action, unless the court, in its discretion shall determine that such an award of attorney's fees would be inappropriate.

25.   Plaintiff avers Defendant's Dispute Resolution Program is not in compliance with 16 CFR 703 by the FTC for the period of time this claim was submitted.

26.   Plaintiff avers that upon successfully prevailing upon the Magnuson-Moss claim herein, all attorney fees are recoverable and are demanded against Defendant.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant in an amount equal to the contract price of the subject vehicle, plus all collateral charges and attorney fees.


## COUNT II AGAINST ALL DEFENDANTS
## UNIFORM COMMERCIAL CODE


27.   Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

28.   The defects and nonconformities existing within the vehicle constitute a breach of contractual and statutory obligations of Defendant, including but not limited to the following:

   a.   Express Warranty;

   b.   Implied Warranty Of Merchantability; and

   c.   Implied Warranty Of Fitness For A Particular Purpose.

29.   At the time of obtaining possession of the vehicle and at all times subsequent thereto, Plaintiff has justifiably relied upon Defendant's express warranties and implied warranties of fitness for a particular purpose and implied warranties of merchantability.

30.  At the time of obtaining possession of the vehicle and at all times subsequent thereto, Defendant was aware Plaintiff was relying upon Defendant's express and implied warranties, obligations, and representations with regard to the subject vehicle.

31.  Plaintiff has incurred damages as a direct and proximate result of the breach and failure of Defendant to honor its express and implied warranties.

32.  Such damages include, but are not limited to, the contract price of the vehicle plus all collateral charges, including attorney fees and costs, as well as other expenses, the full extent of which are not yet known.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant, in an amount equal to the contract price of the subject vehicle, plus all collateral charges and attorney fees.

## COUNT III AGAINST ALL DEFENDANTS
### NEW JERSEY CONSUMER FRAUD ACT

33.  Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

34.  Plaintiff is a "Person" as defined by N.J.S.A. 56:8-1(d).

35.  Defendant is a "Person" as defined by N.J.S.A. 56:8-1(d).

36.   Defendant's actions surrounding the sale and servicing of the subject vehicle were unconscionable.  Defendant's agents also acted with a reckless and callous disregard for Plaintiff's rights in negotiating and handling Plaintiff's warranty claims.

37.   Defendant's actions surrounding the sale and servicing of said vehicle constitute a unconscionable commercial practice, deception, fraud, false pretense, false promise, and/or misrepresentation.  Defendant and its agents acted affirmatively in such a manner as to be an unlawful commercial practice.

38.   Defendant acted knowingly with the intent to cause plaintiff's reliance thereupon.

39.   Defendant knowingly concealed, suppressed, or omitted facts material to the transactions at issue, in that Defendant was aware the defect(s)/condition(s) could not be repaired, and that the ineffectual repairs were performed by incompetent or unqualified individuals.  Defendant's failure to verify the defect(s) or condition(s) constitutes a refusal to perform the repairs under its statutory or contractual obligations.

40.   Plaintiff believes, and therefore, avers that the defect(s) or condition(s) outlined previously is/are an inherent design defect and that as such the Defendant must certify the existence of this defect or condition to the Division of Consumer Affairs.  Defendant has failed to file this certification and this failure is a violation of the New Jersey Consumer Fraud Act N.J.S.A. 56:8-1 et seq.

41.   Defendant's failure to supply an itemized legible statement of repair is an unlawful practice pursuant to the New Jersey Consumer Fraud Act N.J.S.A. 56:8-2.

42.   The Act prohibits the aforementioned action of Defendant in the sale and attempted repair of the subject vehicle.

43.   Plaintiff believes, and therefore, avers the reckless, wanton and willful failure of Defendant to comply with the terms of the written warranties constitutes an unfair method of competition.

44.   As a result of Defendant's unlawful conduct, Plaintiff has and will continue to suffer ascertainable financial loss proximately caused by the Defendant's conduct.   Said losses are outlined as follows:

   a.   Plaintiff is entitled to a full
        refund N.J.S.A. 56:8-2.11-12;

   b.   Plaintiff's vehicle given the
        defect/condition  is worthless;

   c.   Plaintiff lost time from work and
        other money as a result of having
        to take the vehicle in for the
        repeated repair attempts;

   d.   Plaintiff has been relegated to
        finding alternative means of
        transportation while the vehicle
        was in for repairs and while the
        vehicle has been in its present
        condition.  As a result, Plaintiff
        has incurred additional
        transportation costs; and

   e.   Plaintiff has expended sums to
        maintain, store, insure, register,

and other expenses for
transportation.

WHEREFORE, Plaintiff respectfully demands judgment against
Defendant for compensatory damages, treble damages, attorney
fees, costs of suit, and any further relief as the Court may deem
just and proper.

### COUNT IV AGAINST ALL DEFENDANTS
### NJ MOTOR VEHICLE WARRANTY ACT

45.  Plaintiff hereby incorporates all facts and allegations
set forth in this Complaint by reference as if fully set forth at
length herein.

46.  Plaintiff is a ''Consumer'' as defined by N.J.S.A.
56:12-30.

47.  Defendant is a ''Manufacturer'' as defined by N.J.S.A.
56:12-30.

48.  Boat-N-RV Warehouse, is and/or was at the time
of sale a ''Dealer or Motor Vehicle Dealer'' in the business of
buying, selling, and/or exchanging vehicles as defined by
N.J.S.A. 56:12-30.

49.  On or about October 14, 2001, Plaintiff took
possession of the above mentioned vehicle and experienced
nonconformities as defined by N.J.S.A. 56:12-29 et seq., which
substantially impair the use, value and/or safety of the vehicle.

50.  Defendant through its authorized dealer failed to
provide written notification that the vehicle was covered by the
New Jersey Motor Vehicle Warranty Act as provided in N.J.S.A.

56:12-34(c).   Plaintiff believes and therefore avers said failure is a per se violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq., as well as a violation of the New Jersey Motor Vehicle Warranty Act.

51.   The nonconformities described violate the express written warranties issued to Plaintiff by Defendant.

52.   Section 56:12-32 of the New Jersey Motor Vehicle Warranty Act provides:

a. If, during the period specified in section 3 of this act, the manufacturer or its dealer is unable to repair or correct a nonconformity within a reasonable time, the manufacturer shall accept return of the motor vehicle from the consumer.  The manufacturer shall provide the consumer with a full refund of the purchase price of the original motor vehicle including any stated credit or allowance for the consumer's used motor vehicle, the cost of any options or other modifications arranged, installed, or made by the manufacturer or its dealer within 30 days after the date or original delivery, and any other charges or fees including, but not limited to, sales tax, license and registration fees, finance charges, reimbursement for towing and reimbursement for actual expenses incurred by the consumer for the rental of a motor vehicle equivalent to the consumer's motor vehicle and limited to the period during which the consumer's motor vehicle was out of service due to a nonconformity, less a reasonable allowance for vehicle use.

53.   Section 56:12-33 of the New Jersey Motor Vehicle Warranty Act provides a presumption of a reasonable number of repair attempts:

a. It is presumed that a manufacturer or its dealer is unable to repair or correct a nonconformity within a reasonable time if, within the first 18,000 miles of operation or during the period of two years following the date of original delivery of the motor vehicle to a consumer, whichever is the earlier date:

(1)     Substantially the same nonconformity has been subject to repair three or more times by the manufacturer or its dealer and the nonconformity continues to exist; or

(2)     The motor vehicle is out of service by reason of repair for one or more nonconformities for a cumulative total of 20 or more calendar days since the original delivery of the motor vehicle and a nonconformity continues to exist.

b. The presumption contained in sub-section a. of this section shall apply against a manufacturer only if the manufacturer has received

written notification, by or on behalf of the consumer, by certified mail return receipt requested, of a potential claim pursuant to the provisions of this act and has had one opportunity to repair or correct the defect or condition within 10 calendar days following receipt of the notification.  Notification by the consumer shall take place any time after the motor vehicle has had substantially the same nonconformity subject to repair two or more times or has been out of service by reason of repair for a cumulative total of 20 or more calendar days.

54.  Plaintiff has satisfied the above definition as the vehicle has been subject to repair more than three (3) times for the same nonconformity, and the nonconformity remained uncorrected.

55.  In addition, the above vehicle has or will be out of service by reason of the nonconformities complained of for a cumulative total of twenty (20) or more calendar days.

56.  Plaintiff has delivered the nonconforming vehicle to an authorized service and repair facility of the Defendant on numerous occasions as outlined below.

57.  After a reasonable number of attempts, Defendant was unable to repair the nonconformities.

58.  During the warranty period, Plaintiff complained about defects and/or non-conformities to the following vehicle components on at least three (3) occasions:  transmission, acceleration, engine management system, windshield wipers and powertrain. True and correct copies of repair invoices are attached hereto, made a part hereof and marked Exhibit "B.

59.  The vehicle continues to exhibit defects and nonconformities which substantially impair its use, value and/or safety.

60.   Plaintiff has been and will continue to be financially damaged due to Defendant's intentional, reckless, wanton, and negligent failure to comply with the provisions of N.J.S.A. 56:12-29 et seq.

61.   Plaintiff has provided Defendant with a final repair opportunity prior to filing the within Complaint.

62.   Pursuant to N.J.S.A. 56:12-29 et seq, Plaintiff seeks relief for losses due to the nonconformities and defects in the above-mentioned vehicle in addition to reasonable attorney fees and all court costs.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant in an amount equal to the price of the subject vehicle, plus all collateral charges, attorneys' fees, and court costs.

KIMMEL & SILVERMAN

By: _____
Jacqueline C. Herritt, Esquire
Vivian B. Perkin, Esquire
Attorneys for Plaintiff
89 Haddon Avenue North
(856) 429-8334

**JURY-DEMAND**

Plaintiff hereby demands a trial by jury as to all issues.

KIMMEL & SILVERMAN

By: _____
Jacqueline C. Herritt, Esquire
Vivian B. Peikin, Esquire
Attorneys for Plaintiff


**CERTIFICATION PURSUANT TO R.4:15-1**

Upon knowledge and belief I hereby certify that there are no other actions or arbitrations related to this suit pending or presently contemplated.

KIMMEL & SILVERMAN

By: _____
Jacqueline C. Herritt, Esquire
Vivian B. Peikin, Esquire
Attorneys for Plaintiff

## CERTIFICATION OF NOTICE

Pursuant to N.J.S.A. 56:8-20 Plaintiff is mailing a copy of this Complaint to the Office of the Attorney General, Richard J. Hughes Justice Complex, 25 West Market Street in the City of Trenton, County of Mercer, in the State of New Jersey on , 2003.

KIMMEL & SILVERMAN

By: _____

JACQUELINE C. HERRITT, ESQUIRE
VIVIAN B. PEIKIN, ESQUIRE
Attorneys for Plaintiff